### Garcia v. Mabine

*Lisa S. Dagostino,* for plaintiff.
*David A. Yavil,* for defendant.

SYLVESTER, *J.,* May 26, 2004—Plaintiff, Rosimar Garcia, a minor, by her mother and natural guardian, Karla Romero, appeals from this court's order of March 19, 2004, granting the defendants' preliminary objections on the basis of improper venue under Pa.R.C.P. 1006(a.1).

## FACTUAL AND PROCEDURAL HISTORY

The underlying claim in this case was that defendants provided negligent care and treatment during the delivery of the minor plaintiff on November 22, 1987, at Our Lady of Lourdes Medical Center in Camden, New Jersey. More specifically, the plaintiffs contended that the minor plaintiff suffered severe permanent brain damage as a result of defendants' failure to timely deliver the minor plaintiff despite prolonged bradycardia. All of the care and treatment provided to plaintiffs occurred in Camden, New Jersey. It is undisputed that no care was provided in Philadelphia County or in any other county in Pennsylvania. It is further undisputed that plaintiffs reside in the state of New Jersey.

The complaint in this case was filed on December 31, 2003. Plaintiffs alleged that Pennsylvania had jurisdiction over defendants Bruce Mabine M.D. and William Rumbaugh M.D. based upon their residence in Pennsylvania, and that Dr. Mabine has an office in Philadelphia. Jurisdiction over Our Lady of Lourdes Medical Center and Our Lady of Lourdes Health System was premised on the fact that they are owned by a Pennsylvania corporation, Catholic Health East, and that they engage in

business activity with and in Pennsylvania. Although plaintiffs admitted that all of the negligence in this case occurred in Camden, New Jersey, they contended that suit in Philadelphia was nevertheless proper because the new venue rule, Pa.R.C.P. 1006(a.1), cannot eliminate jurisdiction where it would otherwise exist within the Commonwealth.

On February 11, 2004, defendants filed preliminary objections to plaintiffs' complaint on grounds of improper venue and lack of jurisdiction. Plaintiffs filed a response to defendants' preliminary objections on March 1, 2004. On March 19, 2004, this court issued an order dismissing the plaintiffs' complaint without prejudice for lack of proper venue. Plaintiffs filed a notice of appeal to the Pennsylvania Superior Court on March 29, 2004, and filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 15, 2004.

## LEGAL DISCUSSION

The issue raised by plaintiffs on appeal is one of first impression. The rules for venue for a medical negligence action are found at Pa.R.C.P. 1006(a.1) which provides that, except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim *only* in a county in which the cause of action arose. The instant cause of action did not arise in any county in Pennsylvania. Indeed, there is no dispute in this case that all of the alleged negligent acts for which recovery is sought occurred in Camden, New Jersey. Plaintiffs argue that suit in Philadelphia County is nevertheless proper because a venue rule cannot eliminate

jurisdiction where it would otherwise exist within this Commonwealth.

Although this court agrees with plaintiffs that it is normally paradoxical that there can be proper jurisdiction over a defendant in Pennsylvania, but no place to lay venue in the Commonwealth, this is the effect of the clear language of Pa.R.C.P. 1006(a.1). In *Olshan v. Tenet Health System City Avenue,* 2004 WL 859169, 2004 Pa. Super. 128 (April 22, 2004), the Superior Court recently had an opportunity to interpret the new venue rule. Although not directly on point, the court's decision in that case is instructive here.

*Olshan* held that where a plaintiff received no medical treatment in Philadelphia County, but only in Montgomery County, the trial court properly granted the defendants' preliminary objections to improper venue in Philadelphia. The plaintiff in *Olshan* argued that venue in Philadelphia was proper where all of the corporate defendants, with the exception of Tenet Healthcare Corp., had their primary places of business in Philadelphia County. Rejecting this argument, the court held that "health care services" within the meaning of the statute governing venue in medical professional liability actions relates to medical care and directly related activities, and not to ancillary services such as the hiring of physicians, the drafting of rules, or the supervising and reviewing of the work of health care professionals.

In reaching this conclusion, the *Olshan* court looked to the intent of the legislature in drafting the new venue rules. The court pointed out that the rules for venue for a medical negligence action were amended along with the statutory changes embodied in the MCare Act, to go into

effect concurrently with the MCare Act and reflect the same intent as the General Assembly. After reviewing the declarations of policy of the General Assembly, the *Olshan* court opined:

"The rules of statutory construction make it clear that 'the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.' 1 Pa.C.S. §1921(a). With these two declarations of policy the General Assembly has unambiguously stated its intention. The General Assembly has stated that it has recognized that health care in the Commonwealth was becoming controlled by larger entities such as Tenet Health Systems, the University of Pennsylvania, Thomas Jefferson University, Einstein Hospital, the University of Pittsburgh Medical Center, and West Penn Allegheny Health System. As a result of this, any health care provider affiliated with any of these larger corporate entities became fair game to be sued in Philadelphia or Pittsburgh, where the vast majority of corporate entities have their main location or conduct a large amount of business. The result of which has been an 'unduly expanded' reach and scope of venue. And since these two sections are unambiguous, it is hornbook law that we cannot resort to extraneous matters to rewrite the statute.

"The new venue rule provided in section 5101.1 and Pa.R.C.P. 1006 sought to alleviate this situation by limiting venue to the location of the alleged negligent care. However, appellant's proposed interpretation of the new venue rules would result in almost no change at all. As demonstrated by the scenario before us, simply by alleging some form of corporate negligence, unrelated to the

actual provision of health care services, the venue rules are circumvented and the doctor, in this case practicing in Montgomery County, once again finds himself a defendant in Philadelphia County. *The appellant's proposed interpretation represents not so much a loophole in the venue rules, but a tunnel, wide enough for a truck to drive through.*"

Here, plaintiffs' position that the new venue rules should not apply where health care institutions owned by a Pennsylvania corporation[1] and Pennsylvania physicians commit tortuous acts in another state, seeks to create a similar hole in the venue rules, particularly in view of Philadelphia's physical proximity to both New Jersey and Delaware. It would make for an anomalous result if a doctor practicing only minutes away from Philadelphia in Montgomery County cannot be sued in Philadelphia County, while a doctor practicing the same few minutes away in Camden County, New Jersey, is permitted to be sued in Philadelphia. Moreover, to sanction such a result would fail to effectuate the clear intention of the General Assembly. As the *Olshan* court pointed out, "[t]he General Assembly has clearly stated its intent to change the venue requirements in the act, not once, but twice."

In view of the foregoing, it is the opinion of this court that its order of March 19, 2004, granting the defendants' preliminary objections for lack of proper venue should be affirmed.

---

1. Plaintiffs have alleged that Our Lady of Lourdes Medical Center is a member of Catholic Health East, a Pennsylvania corporation.